Michael S. Kogan (SBN 128500)
Faye C. Rasch (SBN 253838)
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone  (310) 273-6333
Facsimile  (310) 859-2325
mkogan@ecjlaw.com

Attorneys for Official Committee of Unsecured Creditors

Robert Sabahat, Esq.
MADISON HARBOR, ALC
17702 Mitchell North
Irvine, CA 92614
Phone 949-756-9050
Fax 949-756-9060
rsabahat@sbcglobal.net

Attorneys for the Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:10-bk-53997-PC |
| EL PRIMO FOODS INC., | Adv No. |
| Debtor. | Chapter 11 |
| | **COMPLAINT FOR:** |
| EL PRIMO FOODS, INC., and OFFICIAL COMMITTEE OF UNSECURED CREDITORS | **(1)  DECLARATORY JUDGMENT REGARDING LIEN;**<br>**(2)  OBJECTION TO CLAIM;**<br>**(3)  TURNOVER OF ESTATE PROPERTY;** |
| Plaintiffs, | **(4)  BREACH OF CONTRACT;**<br>**(5)  AVOIDANCE OF POST PETITION TRANSFERS** |
| v. | |
| PRE-BANC BUSINESS CREDIT, INC., and DOES 1-5, inclusive, | |
| DefendantS. | |

IDOCS:14060.1:1212217.1

1

COMPLAINT FOR DECLARATORY JUDGMENT; OBJECTION TO CLAIM; TURNOVER OF ESTATE
PROPERTY ETC.

Ervin, Cohen
& Jessup LLP

In support of its Complaint, Co-Plaintiffs, the Official Committee of Unsecured Creditors ("Committee") and the Debtor, El Primo Foods, Inc., ('Debtor"), in this bankruptcy case, hereby allege the following against defendant Pre-Banc Business Credit, Inc. ("Pre-Banc" or "Defendant") as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334.

2.      This adversary proceeding is brought pursuant to Rule 7001, et seq. of the Federal Rules of Bankruptcy Procedure.

3.      Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises in and relates to a case under Title 11 of the United States Code that is pending in this District.

4.      The action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (0) and Plaintiff consents to this Court's entry of final Orders relating to all matters herein.

## THE PARTIES

5.      The Debtor is, and at all times relevant hereto was, a California corporation with its principal place of business at 608 Monterey Pass Road, Monterey Park, California 91754.

6.      The Debtor commenced its Chapter 11 bankruptcy case by filing a Voluntary Petition under Chapter 11 of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") on October 13, 2010 (the "Petition Date"). The Debtor is operating its business and managing its financial affairs as debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. The within bankruptcy case is administered under Bankruptcy Case No. 2:10-bk-53997-PC, which case is currently pending in the Los Angeles Division of the United States Bankruptcy Court for the Central District of California.

7.      On October 28, 2010, the United States Trustee appointed a three member committee of unsecured creditors of El Primo Foods, Inc ("Committee").  The Committee members consist of:

IDOCS:14060.1:1212217.1

Ervin, Cohen
& Jessup LLP

COMPLAINT FOR DECLARATORY JUDGMENT; OBJECTION TO CLAIM; TURNOVER OF ESTATE
PROPERTY ETC.

1      a.     Sierra Madre Foods, Inc.;

2      b.     Lithoworks; and

3      c.     Morgan Marketing.

4      8.     The Debtor and the Committee hereby jointly commence this action as co-plaintiffs

5 on behalf of the bankruptcy estate and its creditors. The Debtor and the Committee shall

6 hereinafter collectively be referred to as the "Plaintiff." The Complaint is being filed by the

7 Committee on behalf of both Plaintiff parties.

8      9.     Plaintiff is informed and believes and, on that basis, alleges that Defendant Pre-

9 Banc Business Credit, Inc. ("Defendant" or "Pre-Banc") is, and at all times relevant hereto, was a

10 California corporation with its principal place of business at 2042 Business Center Drive, Suite

11 202, Irvine, California  92612.

## GENERAL ALLEGATIONS

13      10.     Pre-petition, on or about November 3, 2008, the Debtor entered into a Loan and

14 Security Agreement ("Agreement") with Alpha Business Loans, Inc.  In accordance with the

15 Agreement, Alpha provided receivables financing to the Debtor and the Debtor granted to Alpha a

16 security interest in substantially all of the Debtor's assets, including but not limited to, accounts,

17 equipment, goods, inventory, general intangibles, insurance policies, insurance policy proceeds

18 and other items defined in 11 U.S.C. Section 363 as "Cash Collateral" (collectively the

19 "Collateral").

20      11.     Alpha allegedly perfected its security interest in the Collateral by filing a UCC-1

21 Financing Statement with the California and Nevada Secretary of State's Offices on or about

22 October 27, 2008.

23      12.     On or about March 22, 2010, Alpha assigned its rights under the Agreement to Pre-

24 Banc pursuant to a Notice of Assignment dated April 1, 2010.

25      13.     As of the Petition Date, Pre-Banc claims that it was owed $491,110.45 by the

26 Debtor.

27

28

IDOCS:14060.1:1212217.1

Ervin, Cohen
& Jessup LLP

COMPLAINT FOR DECLARATORY JUDGMENT; OBJECTION TO CLAIM; TURNOVER OF ESTATE
PROPERTY ETC.

1    14.    The Debtor is a manufacturer of certain food products, and relies upon the

2    provision of meat from a collection of primary meat providers in order to manufacture those food

3    products.  Prior to the Petition Date, the combined effects of reduced demand, fewer sales, and a

4    meat recall negatively impacted the Debtor's performance and created losses for the Debtor. After

5    the filing of the bankruptcy case, on or about October 18, 2010, the Debtor filed its Emergency

6    Motion seeking, inter alia, an Order (I) Authorizing Secured Post-Petition Financing on a

7    Superpriority Basis Pursuant to 11 U.S.C § 364 and (II) Authorizing Use of Cash Collateral

8    Pursuant to 11 U.S.C. §§ 363 and 364 (the "Cash Collateral Motion").  After hearings and

9    negotiations concerning the Cash Collateral Motion, the Debtor and Pre-Banc agreed on the

10   continued use of cash collateral by the Debtor, and the various Court orders (the "Cash Collateral

11   Orders") on the Cash Collateral Motion provided that the Debtor provide Pre-Banc with

12   replacement liens for the use of its cash collateral. In addition the Cash Collateral Orders have

13   provided that:

14         "**Investigation Period**.  Notwithstanding anything herein to

15         the contrary, until 120 days after the Petition Date, the Office of the

16         United States Trustee, any Trustee appointed under Sections 701,

17         702, 703 or 1104 of the Bankruptcy Code, or any committee

18         appointed pursuant to Section 1103 of the Bankruptcy Code, shall be

19         entitled to investigate the validity, perfection, seniority, amount or

20         enforceability of Pre-Banc's claims and liens against the Collateral

21         or any other claims …. If such party-in-interest determines that

22         there may be a challenge to the existing liens or claims of Pre-Banc,

23         such party shall be permitted to initiate an appropriate action or

24         proceeding relating thereto, setting forth with specificity the bases of

25         any such challenges, claims or causes of action.  If no such action is

26         filed or taken on or before the 120th day after the Petition Date (i.e.,

27         on or before February 10, 2011), the acknowledgements contained

28

Ervin, Cohen
& Jessup LLP

1    in the Recitals hereof and in Paragraph 2 above shall be irrevocably

2    binding on all parties-in-interest without further action by any party

3    or this Court and all parties shall be forever barred from bringing or

4    taking any such action.  No extension of this deadline shall be

5    permitted without Pre-Banc's express written consent."

6    15.    By Stipulation, the foregoing time frame was extended from February 10, 2011 to

7    May 11, 2011.

8    16.    Pursuant to the Cash Collateral Orders, Defendant was paid principal, interest, fees

9    and costs in accordance with the Agreement.

10    17.    Plaintiff is informed and believes, that Defendant was paid amounts in excess of

11    that to which it was entitled under the Agreement ("Overpayment") and based thereon alleges that

12    Defendant owes to the Debtor, an amount to be determined at trial, paid to the Defendant. The

13    Defendant is in possession of that amount without authorization from the Bankruptcy Court, and

14    has no basis to retain such amounts.

15    18.    By way of this adversary proceeding, Plaintiff seeks (i) an accounting of all

16    amounts paid to Defendant and (ii)  a judgment of this Court directing and compelling Defendant

17    to turn over to the Debtors' bankruptcy estate the full amount of the Overpayment to Defendant

18    because it is property of the bankruptcy estate.

**FIRST CLAIM FOR RELIEF**

19

20    (For Determination of the Extent, Validity and Priority of Liens, Claims, Interests and
Encumbrances Pursuant to 11 U.S.C. Section 506(a))

21    19.    Plaintiff realleges and incorporates by reference each and every allegation set forth

22    in paragraphs 1- 18, inclusive, as though fully set forth herein.

23    20.    Plaintiff asserts that the purported liens, claims, interests or encumbrances

24    purportedly granted to the Defendant pursuant to the Agreement, to the extent of the

25    Overpayment, are unperfected and avoidable under applicable law.

26

27

28

Ervin, Cohen
& Jessup LLP

COMPLAINT FOR DECLARATORY JUDGMENT; OBJECTION TO CLAIM; TURNOVER OF ESTATE
PROPERTY ETC.

21.    Plaintiff is informed and believes that Defendant asserts that the liens, claims, interests or encumbrances purportedly granted to the Defendant pursuant to the Agreement are perfected and unavoidable under applicable law.

22.    Based upon the foregoing, an actual dispute and controversy exists as to the validity, priority and extent of Defendant's liens, claims, interests or encumbrances purportedly granted to the Defendant pursuant to the Agreement.

23.    Pursuant to 11 U.S.C. Section 506(a), Plaintiff seeks a declaration from this Court setting out the parties' respective rights with respect to the liens, claims, interests or encumbrances asserted by the Defendant.

24.    For a judicial declaration pursuant to Federal Rule of Bankruptcy Procedure 7001 against the Defendant, concerning the validity, priority, and extent of Pre-Banc's security interests whose interests, liens, and encumbrances encompass property of the bankruptcy estate, including without limitation as to all property obtained as a result of the use of Collateral and the proceeds thereof, and all other tangible or intangible assets acquired pre-petition and post-petition from or with respect to the Collateral and the proceeds thereof, and Defendant's rights, liens, and encumbrances.

25.    Specifically, Plaintiff seeks a declaration from this Court that the liens, claims, interests or encumbrances asserted by the Defendant in connection with the Overpayment are unperfected, avoided as to the bankruptcy estate and otherwise expunged.

## SECOND CLAIM FOR RELIEF

### (Objection to Allowance of Pre-Banc claim)

26.    Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1-25, inclusive, as though fully set forth herein.

27.    Plaintiff hereby objects to the claim of Pre-Banc pursuant to 11 U.S.C. Section 502. Plaintiff objects to the Pre-Banc Claim on the grounds that Pre-Banc's rights under the Agreement are subject to any defenses by Debtor to enforcement arising under state or federal law. As

IDOCS:14060.1:1212217.1

6

Ervin, Cohen
& Jessup LLP

1  provided by Local Rule 3007-1(b), the date, time and place of hearing on this Objection will be set

2  by the Court.

3      28.    The property interests asserted by Defendant as set forth in this Complaint (the

4  "Pre-Banc Claim") is/are subject to turnover pursuant to 11 U.S.C. Sections 542(a) and 549.  As

5  such, the Pre-Banc Claim must be disallowed under 11 U.S.C. Section 502.

6      29.    Pursuant to 11 U.S.C. Sections 105, 502 and 542, 549 and Bankruptcy Rules 3007

7  and 7001, the Pre-Banc Claim must be disallowed.

8

9  <u>**THIRD CLAIM FOR RELIEF**</u>

10  <u>(Turnover of Property of the Estate)</u>

11      30.    Plaintiff realleges and incorporates by reference each and every allegation set forth

12  in paragraphs 1- 29, inclusive, as though fully set forth herein.

13      31.    Sections 542(a) and (b) of the Bankruptcy Code provides that:

14      (a)    Except as provided in subsection (c) or (d) of this section, an entity, other

15      than a custodian, in possession, custody or control, during the case, of

16      property that the trustee may use, sell, or lease under section 363 of this

17      title... shall deliver to the trustee, and account for, such property or the value

18      of such property, unless such property is of inconsequential value or benefit

19      to the estate.

20      (b)    Except as provided in subsection (c) or (d) of this section, an entity that

21      owes a debt that is property of the estate and that is matured, payable on

22      demand, or payable on order, shall pay such debt to, or on the order of, the

23      trustee, except to the extent that such debt may be offset under section 553

24      of this title against a claim against the debtor.

25  11 U.S.C. § 542.

26      32.    As of the Petition Date and thereafter, Plaintiff had a legal and equitable interest in

27  the Overpayment. Thus, the Overpayment constitutes property of the Debtors' bankruptcy estate.

28  IDOCS:14060.1:1212217.1

Ervin, Cohen
& Jessup LLP

COMPLAINT FOR DECLARATORY JUDGMENT; OBJECTION TO CLAIM; TURNOVER OF ESTATE
PROPERTY ETC.

33.    Since the Petition Date, the Defendant has been in possession, custody and control of the Overpayment.

34.    The Overpayment is not of inconsequential value or benefit to the Debtors' estate. To the contrary, the Overpayment has substantial benefit and value to the Debtors' estate.

35.    The Defendant must return the Overpayment to the Debtor.

36.    The amounts owing by the Defendant to Plaintiff are property of the Debtor's estate.  The Overpayment is the property of the Debtors' estate.

37.    Plaintiff is entitled to turnover of the Overpayment, as the Defendant was not authorized to retain such amounts.

## FOURTH CLAIM FOR RELIEF

### (For Breach of Contract)

38.    Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1- 37, inclusive, as though fully set forth herein.

39.    The Debtor and the Defendant entered into the Agreement whereby the Debtor was to make payment to the Defendant for principal, interest fees, and costs as set forth in the Agreement.

40.    The Debtor has fully performed each and every obligation required of the Debtor under the terms of the Agreement, except as excused or prevented by the conduct of the Defendant and/or its representatives or agents.

41.    The Defendant has breached the Agreement in that despite demand, the Defendant has failed and refused, and continues to fail and refuse, to provide Plaintiff and/or the Debtor an accounting to establish that it has not been paid amounts in excess of that to which it is entitled pursuant to the terms of the Agreement and upon information and belief has retained amounts in excess of that to which it is entitled under the Agreement.

42.    As a direct and proximate result of the Defendant's breach, Plaintiff and the Debtor have been damaged in an amount not yet ascertained, but estimated to be in excess of $100,00.00 respectively, plus interest at the maximum legal rate and other damages subject to proof at trial.

IDOCS:14060.1:1212217.1

8

Ervin, Cohen
& Jessup LLP

COMPLAINT FOR DECLARATORY JUDGMENT; OBJECTION TO CLAIM; TURNOVER OF ESTATE
PROPERTY ETC.

1    43.    Plaintiff has hired the law firm of Ervin Cohen & Jessup LLP to prosecute this

2  action.  Therefore, Plaintiff seeks reimbursement of its attorney fees and costs in addition to the

3  other damages set forth herein.

4
                         **FIFTH CLAIM FOR RELIEF**
5

6        (For Turnover of Property of the Estate Including Post-Petition Transactions -

7                         11 U.S.C. §549)

8    44.    Plaintiff realleges and incorporates by reference each and every allegation set forth

9  in paragraphs 1–43, inclusive, as though fully set forth herein.

10   66.    Based upon information and belief, the Defendant received the Overpayment,

11  without the authorization of the Court or the Plaintiff (the "Transfer").

12   67.    Pursuant to § 549 of the Bankruptcy Code, the Plaintiff is authorized to avoid the

13  Transfer that occurred after the Petition Date and was not authorized under the Bankruptcy Code

14  or by the Court.

15   68.    Furthermore, pursuant to 11 U.S.C. § 550, Plaintiff may recover from the

16  Defendant the value of the Overpayment transferred, plus interest thereon at the maximum legal

17  rate from and after the date of each of the Overpayment transfer, in a sum according to proof,

18  which Plaintiff believes to be not less than $100,000.

19   69.    Pursuant to § 549 of the Bankruptcy Code, the Defendant shall immediately deliver

20  all property received as a result of the Transfer, or the value of such property, to the Plaintiff.

21   **WHEREFORE**, Plaintiff prays judgment on this Complaint, as it may be amended from

22  time to time, as follows:

23   1.    On the First claim for relief that Plaintiff be provided an accounting of all amounts

24  paid to Defendant post-petition in accordance with the Agreement;

25   2.    On the First through Seventh claims for relief, that Plaintiff be awarded at least

26  $100,000;

27   3.    On all claims for relief, that Plaintiff be awarded costs of suit and all attorneys' fees

28

Ervin, Cohen
& Jessup LLP

COMPLAINT FOR DECLARATORY JUDGMENT; OBJECTION TO CLAIM; TURNOVER OF ESTATE
PROPERTY ETC.

1    and expenses incurred in bringing this action; and

2

3    3.    For such other and further relief as this Court may deem just and proper.

4

5    DATED: May 10, 2011                    ERVIN COHEN & JESSUP LLP
                                          Michael S. Kogan
6                                          Faye C. Rasch

7

8                                    By:    /s/ Faye C. Rasch
                                          _____
9                                          Faye C. Rasch
                                          Attorneys for Official Unsecured Creditors
10                                         Committee

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IDOCS:14060.1:1212217.1                          10

Ervin, Cohen
& Jessup LLP

COMPLAINT FOR DECLARATORY JUDGMENT; OBJECTION TO CLAIM; TURNOVER OF ESTATE
PROPERTY ETC.